Lawrence **MAGNANT** and Janet **Magnant, Plaintiffs,**

v.

**MEDTRONIC, INC., Defendant.**

No. 2:91–CV–267.

United States District Court, W.D. Michigan, N.D.

March 30, 1993.

Vincent R. Petrucelli, Petrucelli & Petrucelli, Iron River, MI, for plaintiffs.

Jack L. Hoffman, John M. Roels, Wheeler Upham, PC, Grand Rapids, MI, for defendant.

### *OPINION AND ORDER*

QUIST, District Judge.

In this diversity action plaintiff Lawrence Magnant is seeking damages from Medtronic, Inc. ("Medtronic") for an injury allegedly caused when a heart pacemaker lead designed and manufactured by Medtronic migrated through Magnant's heart, into his lungs. Medtronic responded with a Motion for Partial Judgment on the Pleadings.

### ISSUES PRESENTED

In its motion, Medtronic seeks dismissal of Count III of Magnant's complaint, which claims damages under a theory of strict liability, on the grounds that Michigan does not recognize strict liability as a theory of recovery.

In response, Magnant does not dispute Medtronic's contention that he cannot make a strict liability claim under Michigan law. Instead, he contends that Minnesota law, not Michigan law, should apply and that Minnesota recognizes strict liability as a theory of recovery.

Defendant did not file a reply to plaintiff's response.

### FACTS

A heart pacemaker and pacemaker lead designed and manufactured by Medtronic were surgically implanted in Lawrence Magnant on or about April 8, 1981, by his physician in Duluth, Minnesota, where Magnant lived at the time. In March 1984, while Magnant was still living in Minnesota, Magnant's physician performed a lead replacement operation in response to a recall notice from Medtronic, in which he cut the original lead from the pacemaker, attached a new lead, and left the original lead in place.

Magnant moved to Michigan after the second operation. The alleged injury from the migration of the pacemaker lead occurred after Magnant moved to Michigan.

Medtronic is a Minnesota corporation and is headquartered in Minnesota.

## DISCUSSION

### Standard for Dismissal on the Pleadings

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The moving party has the burden of proving that no claim exists. All factual allegations in the complaint must be presumed to be true and reasonable inferences must be made in favor of the non-moving party. 2A James W. Moore, *Moore's Federal Practice*, ¶ 12.07[2.5] (2d ed. 1991). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

### Choice of Law

■■■ There is a true conflict of laws issue in this case. Michigan does not accept strict liability as the basis of a claim on which relief can be granted. *See Prentis v. Yale Mfg. Co.*, 421 Mich. 670, 681–91, 365 N.W.2d 176, 181–86 (1984). Minnesota, on the other hand, recognizes claims based on the theory of strict liability in actions against manufacturers for product defects that cause personal injury. *See Bilotta v. Kelley Co., Inc.*, 346 N.W.2d 616, 621–22 (Minn.1984).

■■■ When a conflict of law issue arises in a case in which jurisdiction is based on diversity of citizenship, a federal court must apply the forum state's choice of law rules. *Mahne v. Ford Motor Co.*, 900 F.2d 83, 85 (6th Cir.1990) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496–97, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941)). Plaintiff's action was brought in the 12th Judicial Circuit, County of Baraga, State of Michigan, and removed to this Court. Thus, Michigan choice-of-law rules apply.

■ As the United States Court of Appeals for the Sixth Circuit explained in *Mahne*, Michigan followed the principle *lex loci delicti* and applied the substantive law of the jurisdiction in which the wrong occurred until 1982, when the Michigan Supreme Court decided *Sexton v. Ryder Truck Rental, Inc.*, 413 Mich. 406, 320 N.W.2d 843 (1982). In *Sexton*, the court abandoned *lex loci* as an absolute rule without adopting any other specific choice-of-law methodology, thus leaving choice-of-law issues "to be evaluated on a case-by-case basis." *Mahne*, 900 F.2d at 85. Subsequently, in *Olmstead v. Anderson*, 428 Mich. 1, 400 N.W.2d 292 (1987), the Michigan Supreme Court, in construing *Sexton*, stated a choice-of-law policy. The *Olmstead* court declared that the law that presumptively would apply in tort cases is the law of the forum, *lex fori*, rather than the law of the place of wrong, *lex loci*. *Id.* at 24, 400 N.W.2d at 302. In making the choice-of-law determination, however, the courts must decide, on a case by case basis, "whether this case presents a situation in which reason requires that foreign law supersedes the law of this state." *Id.*

The *Olmstead* litigation concerned a car accident that occurred in Wisconsin but involved a plaintiff who was a resident of Minnesota and a defendant who was a resident of Michigan. The case was brought in Michigan to obtain personal jurisdiction over defendant. *Id.* at 3–4, 400 N.W.2d at 293. At issue was whether to apply Wisconsin law, which limited the amount of recovery in a wrongful death action, or Michigan law, which imposed no such limitation. The court concluded that it was merely happenstance that the accident occurred in Wisconsin, that Wisconsin had no interest in seeing its law applied and that it could thus apply Michigan law without the necessity of analyzing Michigan's interest. *Id.* at 24–31, 400 N.W.2d at 302–05.

In *Mahne*, the plaintiff, a resident of Florida, was severely burned in an auto accident that occurred in Florida. 900 F.2d at 84. A diversity action was instituted in the Eastern District of Michigan against Ford Motor Company. The lower court ruled that Florida law controlled and that its statute of

repose barred plaintiff's product liability action. *Id.* at 85. The Sixth Circuit reversed, holding that Florida did not have an interest in barring plaintiff's suit under its statute of repose, which was designed to protect Florida manufacturers, not to limit recovery by its citizens, and that the presumption of *lex fori* would prevail. *Id.* at 88.

■ The instant case, like *Mahne*, involves a plaintiff who wishes to apply the law of a corporate defendant's home state in a product liability action in order to make a claim the plaintiff could not make in his home state. Unlike *Mahne*, it involves a plaintiff who resides in Michigan, brought suit in Michigan, and arguably was injured while residing in Michigan. It can also be argued that the fact that Magnant suffered his injury in Michigan was merely fortuitous because the action that was the proximate cause of his injury occurred in Minnesota, when a defective devise was installed in 1981 or when that devise was modified in 1984.

■ To determine whether this case presents a situation in which reason requires that foreign law supersede Michigan law, this Court must first consider whether Minnesota has an interest in having its law applied and, if so, whether its interest outweighs Michigan's interests in having its law applied. *See Olmstead*, 428 Mich. at 24–30, 400 N.W.2d at 302–05, *Mahne*, 900 F.2d at 88. Factors to be considered include expectations as to what law is applicable, predictability of results, and substantiality of the parties' connection to the states in question. *Olmstead*, 428 Mich. at 26–28, 400 N.W.2d at 303–04; *Mahne*, 900 F.2d at 88. The *Olmstead* court also declared that "[t]he injury state always has an interest in conduct within its borders, whether or not its citizens are involved." *Olmstead*, 428 Mich. at 28, 400 N.W.2d at 304.

In the instant case, Minnesota has substantial interests in having its law applied. First, the injury clearly involves conduct within Minnesota. The pacemaker and its lead were designed and manufactured by a Minnesota company. In addition, the chain of events that allegedly resulted in Magnant's injury include the operations in which the pacemaker lead was inserted and later modified. The conduct in question also involved a person who was then a resident of Minnesota. Secondly, Minnesota has an interest in having its law apply to its corporations in order to provide them with certainty as to which law would apply and predictability of results. Defendant Medtronic cannot complain that application of Minnesota law is unfair or contrary to its expectations as to what law governed its actions.

The interests Michigan could arguably have in this matter include protecting one of its citizens and adjudicating an injury that occurred within the state. The interest in protecting citizens does not weigh in favor of Michigan law, however, because Magnant would receive more rights under Minnesota law than under Michigan law. In addition, as discussed above, it is reasonable to tie the cause of the injury to actions that occurred in Minnesota and conclude that it was mere happenstance that the injury ensued in Michigan. Thus, Minnesota's interests provide a sound reason for displacing Michigan law in this case.

### CONCLUSION

For the reasons stated above, defendant Medtronic's Motion for Partial Judgment on the Pleadings (docket entry # 22) is DENIED.

**IT IS SO ORDERED.**